UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/27/2022
```

SPIN MASTER LTD. *and* SPIN MASTER TOYS
UK LIMITED,

                Plaintiffs,

      -against-

AGANV; AINA; BABELEMI STORE; BIARABUL
STORE; CAROL MONKEY BABY OFFICIAL
STORE; CHAOZHOU CHAOAN DONGDONG
PLASTIC TOYS CO., LTD.; CHILDHOOD TOY
STORE; CROKO TOY STORE; EDUCATIONAL
TOY CITY STORE; FASHIONISTAR STORE;
FUN ANIMATION TOY STORE; GLOBAL
MOCUBE STORE; GO FUN STORE;
GUANGZHOU SUSHENG NETWORK
TECHNOLOGY CO., LTD.; HANGZHOU
DINGXIN TECHNOLOGY CO., LTD.;
HANGZHOU HANGXING TRADE CO., LTD.;
HELLOCUBE STORE; HEYUAN BOYI
LIGHTING TECHNOLOGY CO., LIMITED;
JENEEY INTERNATIONAL TRADE CO., LTD.;
JIANGYIN: SUNNY TOY CO. LTD.; JINHUA
YIFAN ARTS AND CRAFTS CO., LTD.; LEFT
MAGIC OFFICIAL STORE; LVSE LIFE STORE,
MIJIA TECH STORE; MODERNBABY STORE;
MQQ CONJURING STORE; NANTONG JH
PLASTIC PRODUCT CO., LTD.; NINGBO
HAISHU TONGYANG CRAFTS CO., LTD.;
NINGBO JUNYUAN : INTELLIGENT
TECHNOLOGY CO., LTD.; NINGBO ROY AL
IMPORT AND EXPORT CO., LTD.; NINGBO
SHINEGIFTS IMPORT & EXPORT CO., LTD.;
PLAYING WITH YOUR FINGERTIPS STORE;
PROFESSIONAL MAGIC-CUBE STORE;
PUZZLES STORE; QUANZHOU RIQUAN
TRADING CO., LTD.; SENLEGOLY FUNNY-
TOY STORE; SHANGCHENG COUNTY
HAIBAODA TRADING CO., LTD.; SHANTOU
CHENG HAI XIEDEFENG TOYS FIRM;
SHANTOU CITYCHENGHAI DISTRICT NEW
ERA TOYS & CRAFTS FIRM; SHANTOU
TANGO TECH. CO., LTD.; SHANTOU
TOMNESS TRADING CO., LTD.; SHANTOU
XIAO DAN YOUPIN TOYS CO., LTD.;

1:22-cv-555 (GHW)

ORDER

SHENZHEN DONGFANG RUNTAI
TECHNOLOGY CO., LTD.; SHENZHEN DSYY
COMMUNICATION TECHNOLOGY CO., LTD.;
SHENZHEN NEW WAY TECHNOLOGY CO.
LIMITED; SHOP5891750 STORE; SMILING
TOY SHENZHEN NEW WAY TECHNOLOGY
CO., SMILING TOY STORE; WANDER WORL;
WEDOAM STORE; XIN YU TRENDY TOY
STORE; YANCHENG LANYI
INTERNATIONAL TRADING CO., LTD.; YIWU
AIGENG TRADE CO., LTD.; YIWU CITY JO
TOYS CO., LTD.; YIWU FENGQING TOY CO.,
LTD.; YIWU HOLYMILL COMMODITY CO.,
LTD.; YIWU JIANYU IMP & EXP CO., LTD.;
YIWU JIXU IMPORT AND EXPORT CO., LTD.;
YIWU JO TOYS CO., LTD.; YIWU SPECIAL4U
COMMODITY FACTORY; YIWU TUOYING
TECHNOLOGY CO., LTD.; YIWU TWINS WIN
IMPORT & EXPORT CO., LTD.; YIWU WUZUN
TOYS CO., LTD.; YIWU XINTU IMPORT AND
EXPORT CO., LTD.; YIWU YOUCAN IMP. &
EXP. CO., LTD.; Z.CUBE OFFICIAL STORE, *and*
ZY-WISDOM STORE,

                           Defendants.

GREGORY H. WOODS, United States District Judge:

The Court has received Plaintiff's January 20, 2022 request for a temporary restraining order.
In order to evaluate that request, the Court requires more information regarding Plaintiffs'
arguments for ordering service by electronic means on the Defendants located in the People's
Republic of China.

Plaintiffs' memorandum of law in support of its application for a temporary restraining
order ("Mem.") argues that the Court should permit service by electronic means under Federal Rule
of Civil Procedure 4(f)(2)(A). In relevant part, that provision provides that an individual in foreign
country can be served "by a method that is reasonably calculated to give notice . . . as prescribed by

2

the foreign country's law for service in that country in an action in its courts of general jurisdiction." Fed. R. Civ. P. 4(f)(2)(A).

Plaintiffs assert that Article 87 of the Civil Procedure Law of the People's Republic of China ("Article 87") permits service by electronic means. Mem. at 18. According to Plaintiffs, that provision states, *"subject to the consent of the person on which a procedural document is to be served*, the document may be served by way of facsimile, electronic email, or any other means through which the receipt of the document may be acknowledged." *Id.* (emphasis added). Article 87's plain text would appear to require the consent of the person being served prior to email service.

Moreover, Article 277 of the Civil Procedure Law of the People's Republic of China ("Article 277") states that "no foreign agency or individual may serve documents . . . within the territory of the People's Republic of China without the consent of the in-charge authorities of the People's Republic of China." *Zhizheng Wang v. Hull*, No. C18-1220RSL, 2020 WL 4734930, at *1 (W. D. Wash. June 22, 2020) ("Article 277 of the Chinese Civil Law, provides that, except when coordinated in conformity with international treaties to which China is a party, 'no foreign authority or individual is allowed to serve process, conduct investigation, or obtain evidence within the borders of People's Republic of China without permission" from the country's Central Authority.'"). That provision would seem to prohibit service by a foreign individual on a nonconsenting party.

Plaintiffs have not explained why, in light of the plain language of Article 87, service by electronic means is permitted on a non-consenting party. Nor have they provided any factual support that the Defendants in this case have, in fact, consented. And Plaintiffs do not discuss Article 277 in their application. Accordingly, should Plaintiffs wish to pursue their application for a temporary restraining order, they should submit a brief that explains: (1) how Article 87 permits electronic service on a nonconsenting parties, and (2) why Article 277 does not prohibit electronic

3

service by a foreign individual.  Alternatively, Plaintiffs may submit factual support demonstrating

that Defendants have, in this case, consented to service by electronic means.

The brief should not discuss means of service under any provisions of Fed. R. Civ. P. 4(f)

other than Rule 4(f)(2)(a).  The brief is not to exceed five pages in length without prior leave of the

court, excluding any facts in support.  It should be submitted no later than February 4, 2022.

SO ORDERED.

Dated:   January 27, 2022
         New York, New York

GREGORY H. WOODS
United States District Judge

4